JiSAUNDERS, Judge.
In this workers’ compensation proceeding, the employee-appellant asks that we find that the hearing officer erred in not awarding him penalties and attorney fees associated with the employer/insurer’s failure to timely provide medical treatment to claimant in aecor- *851 dance with La.R.S. 23:1203(A) and for its failure to timely pay compensation benefits during the period of July 2,1996 — August 12, 1996. For the following reasons, we grant claimant’s requests for relief in part.
| ¿FACTS
The parties stipulated that claimant, Michael J. Thibodeaux, was an employee of Wal-Mart Stores, Inc. on November 3, 1994, when he was injured in the course and scope of employment. Compensation benefits were instituted and Mr. Thibodeaux was seen by the company doctor, Dr. Roger Grimball. An MRI report was obtained by Dr. Grimball on January 20, 1995, which confirmed that Mr. Thibodeaux sustained injuries to his lower back (showed a focal protrusion of the disk at L4-5 and L5-S1 level). Dr. Grimball referred Mr. Thibodeaux to an orthopedic specialist, Dr. R. Dale Bernauer. Dr. Bernauer initially saw Mr. Thibodeaux on February 10, 1995, and placed him on physical therapy for two weeks. Mr. Thibodeaux completed the physical therapy program without improvement. On February 24, 1995, Dr. Bernauer reported to the workers’ compensation insurance adjuster for the defendant that Mr. Thibodeaux continued to experience pain and that he was scheduled to return in two weeks. On March 10, 1995, claimant returned to Dr. Bernauer. Dr. Bernauer then scheduled a lumbar myelogram for March 15, 1995. The myelogram was completed as directed with a finding of spinal stenosis and broad based posterior central disc hernia-tions at the L4-5 and L5-S1 level. In addition, a CT scan of the cervical spine revealed stenosis of the spinal canal and left neural foramen at C5-6 relative to combined disc herniation and bony hypertrophy.
After completion of these tests, Dr. Ber-nauer diagnosed Mr. Thibodeaux with lumbar spine strain, HNP-lumbar spine and cervical spine, and sent a report to defendant’s adjuster noting the results of the myelogram and CAT scan. The proposed surgery was scheduled for March 2,1995.
Claimant’s employer, Wal-Mart Stores, Inc., required claimant to undergo an examination by their physician of choice, Dr. G. Gregory Gidman. While Dr. Gidman confirmed Mr. Thibodeaux’s lower back problem, he was of the opinion that future |3surgery would only be needed at one level, not at two. Additionally, Dr. Gidman recommended a longer period of conservative treatment.
After receiving the opinion from Dr. Gid-man and engaging in further conservative treatment as Dr. Gidman suggested (an epidural steroid scheduled on May 5, 1995), Dr. Bernauer reported no improvement and rescheduled the proposed surgery (lumbar lam-inectomy and diskectomy with possible fusion with rogo rods and stimulation) for May 12, 1995. However, the employer refused to approve the surgery. In response to the employer’s inaction, Dr. Bernauer obtained electrical conduction reports done by Dr. Fayez Shamieh and copies were sent to the employer’s physician, Dr. Gidman. After reviewing the report, Dr. Gidman sent correspondence to the employer’s representatives on July 26, 1995, which again indicated that Mr. Thibo-deaux was in need of surgery. Again, the defendants refused to approve the surgery that their own physician suggested would be beneficial to claimant.
Dr. Bernauer scheduled and rescheduled the proposed surgery on several occasions, however his efforts were futile, due to the failure of the employer to approve the surgery.
The insurer then sought an independent medical evaluation by letter dated May 17, 1995, which was denied. Instead of approving the surgery, the employer sought an ex-parte order for a third opinion from the Office of Workers’ Compensation. Again, the request was denied and again, the employer refused to consent to the surgery.
On September 14, 1995, Mr. Thibodeaux visited the company’s doctor, Dr. Gidman. Dr. Gidman reviewed the old myelogram of March 15, 1995, and took new X-rays and completed a physical examination of claimant. Dr. Gidman again noted that he was of the opinion that the examinee only had a problem at the L4-5 level, rather than at the L5-S1 level, but did find that examinee was in need of a ^decompression at the L4-5 level, and possibly a discectomy if the disc was found to be soft and pertruding. In *852 addition, Dr. Gidman suggested that if instability followed the disectomy, that lumbar fusion may be needed. Nevertheless, the employer still refused to approve the surgery.
On November 2, 1995, Mr. Thibodeaux obtained new counsel and present counsel sent correspondence to the adjusting firm requesting immediate approval of the proposed surgery in light of the order from 0. Larry Wilson, Assistant Secretary of the Louisiana Department of Labor, and threatened a claim for penalties under La.R.S. 23:1203, if action was not taken. Again, the employer did not consent to the proposed surgery.
On or about December 4, 1995, approximately one year and one month after the injury, the employer obtained an order for an independent medical examination from the Louisiana Department of Labor. Dr. Stephen Flood was appointed and after examining Mr. Thibodeaux, Dr. Flood agreed that the surgery proposed by the treating physician, Dr. Bernauer, was appropriate. Despite this finding, the employer refused to approve the proposed surgery.
Claimant filed a Form 1008 on December 27, 1995, and trial was set for August 28, 1996. Counsel for claimant and defendant agreed to submit the case on written stipulation with attached exhibits, including medical depositions, in hopes that a decision could be reached in time for Mr. Thibodeaux to have a successful surgery.[1]
After taking the matter under advisement, written reasons for judgment and a final judgment were issued on October 22, 1996. The judgment was rendered in favor of claimant and ordered the surgery recommended by his treating physician, Dr. IsBernauer, and assessed costs to the defendant, but failed to award penalties and attorney fees.
Claimant appeals only the hearing officer’s refusal to grant penalties and attorney fees for failure to timely approve the proposed surgery and on the issue of untimely paid indemnity benefits.

LAW AND DISCUSSION

Under La.R.S. 23:1203(A) an employee injured in the course and scope of his employment is entitled to certain medical treatments. La.R.S. 23:1203 provides in pertinent part:
Duty to furnish medical expenses; prosthetic devices; other expenses
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal....
(Emphasis added).
La.R.S. 23:1201 as amended by Acts 1992, No. 1003 § 1, effective January 1, 1993, stated the following at the time of claimant’s injury:
E. If, pursuant to this Chapter, any compensation or medical benefits payable without an order is not paid within the time period provided in Subsection B, C, or D, of this Section, there shall be added to such unpaid compensation a penalty of an amount equal to twelve percent thereof or a total penalty of not more than fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless such nonpayment results from conditions over which the employer or insurer had no control.... The total fifty dollar per calendar day penalty provided for in this Subsection shall not exceed two thousand dollars in the aggregate.
(Emphasis ours).
Thus, failure to comply with the timetables noted above mandates a penalty in an amount equal to the greater of twelve percent of any unpaid compensation orjjmedical benefits, or fifty dollars per calendar day with a cap of $2,000.00 in the aggregate for any claim.
*853 After reviewing the evidence, we find that the hearing officer erred in not assessing a penalty against the employer for its failure to timely authorize the proposed surgery necessary for claimant’s recovery. In Menard v. Winn Dixie Louisiana, Inc., 93-1497, p. 14 (La.App. 3 Cir. 6/1/94); 640 So.2d 775, 784, this court determined that, “in awarding statutory penalties, the test to be applied is whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.”
The record in this ease clearly shows that the employer refused to authorize necessary surgical procedure for claimant even after it had medical information from its own physician, Dr. Gidman, confirming the need for future surgery if efforts at conservative treatment failed. Instead of approving the proposed surgery, the employer chose to continue to seek medical opinions concerning claimant’s status and time and time again, it was made abundantly clear that claimant needed surgery. Defendant’s action is indefensible. Accordingly, we find that defendant is required to pay claimant a total of $2,000.00 in penalties, plus legal interest thereupon from the date of judicial demand until paid.
However, we cannot conclude that claimant is equally entitled to a penalty for failure to timely pay indemnity benefits to claimant for the periods of July 2, 1996 — August 12, 1996. As noted in the hearing officer’s written reasons for judgment, the parties stipulated to the following:
Employer contends it has made reasonable and timely payments of weekly compensation benefits. Employer further acknowledges receipt of Attorney Schrumpfs letter of July 26, 1996, and all parties agree Wal-Mart received its ^attorney’s letter of July 30, 1996, and payments for July 2 through August 12, 1996, were mailed on August 9, 1996.
In late April, 1996, and in May, 1996, claimant requested that Wal-mart issue indemnity checks to his new home address. After claimant’s initial move, he moved again and again requested Wal-Mart to redirect indemnity payments to his current address, 1540 Koonce Road, Sulphur, Louisiana.
In light of the foregoing, we concur in the hearing officer’s findings that defendant was not delinquent in paying claimant’s compensation benefits.
Finally, we find that claimant is entitled to an additional $2,500.00 in attorney fees in accordance with La.R.S. 23:1201.2, for the employer’s arbitrary and capricious failure to promptly approve Mr. Thibodeaux’s request for surgery.

DECREE

The judgment of the hearing officer is amended to award plaintiff $2,000.00 in penalties for Wal-Mart’s failure to timely authorize the proposed surgery needed by claimant. In addition, claimant is entitled to $2,500.00 in attorney fees. The costs of this matter is assessed to defendant, Wal-Mart Stores.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
AMY, J., concurs in the result.

. Through deposition testimony, Dr. Flood testified that chances for successful surgery would be reduced after two years from the injury.